UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEVIN THOMAS WEAVER | CIVIL ACTION |
| VERSUS | NO. 22-3747 |
| RANDY SMITH, ET AL. | SECTION "E" (2) |

**FINDINGS AND RECOMMENDATION**

Plaintiff Devin Thomas Weaver filed this *pro se* and *in forma pauperis* prisoner civil rights suit under 42 U.S.C. § 1983 against defendants St. Tammany Parish Sheriff Randy Smith, Assistant Warden Rhonda Simmons, Deputy Mike Molinary, Deputy Jude St. Clair, Deputy Audibert, Deputy A. McLaughlin, and Deputy Moody alleging two claims of excessive force, including one on "August 11, 2012," when he Deputy St. Clair used a taser during a fight between plaintiff and another inmate in the St. Tammany Parish Jail.[1] The second incident was "about two years ago," in the solitary confinement area of the jail when an unidentified deputy sprayed him with an entire can of mace after he covered-up a camera in the cell area to gain the guards' attention.[2]

On December 9, 2022, I issued an Order scheduling a telephone hearing with Weaver for January 31, 2023, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989), and its progeny.[3] The order was mailed by the clerk of court to Weaver at his prison address of record in the St. Tammany Parish Jail.

---

[1] ECF No. 4 at 4.
[2] *Id*. at 5-6.
[3] ECF No. 10.

However, on January 24, 2023, I issued an order cancelling the hearing after being notified by the St. Tammany Parish Sheriff's Office that Weaver was no longer in the St. Tammany Parish Jail.[4] In that same order, I advised Weaver of his ongoing obligation under L.R. 11.1[5] to notify the court of all changes of address.[6] I also instructed Weaver that, if he failed to comply with that obligation, his case may be dismissed.[7] On March 3, 2023, the envelope containing that order mailed to Weaver by the clerk of court was returned as undeliverable, marked "RETURN TO SENDER UNABLE TO FORWARD," and "NO LONGER IN THIS FACILITY."[8]

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[9] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[10] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[11] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[12]

---

[4] ECF No. 11.
[5] The rule states, "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."
[6] ECF No. 11.
[7] *Id*.
[8] ECF No. 12.
[9] *Hulsey v. State of Texas*, 929 F. 2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F. 2d 744, 749 (5th Cir. 1987).
[10] *Markwell v. County of Bexar*, 878 F. 2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F. 2d 472, 474–75 (5th Cir. 1986).
[11] *Birl v. Estelle*, 660 F. 2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[12] *Kersh v. Derozier*, 851 F. 2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F. 2d at 593.

All litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. In addition, the complaint form used by Weaver to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[13] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[14]

Weaver has not provided the court with his current address within 35 days of the return of the undeliverable envelope.[15] His failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Weaver himself, justifying dismissal of his complaint for failure to prosecute.[16]

In a final effort to provide Weaver with an opportunity to show cause why his claims should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Weaver is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Weaver that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Weaver is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

---

[13] ECF No. 4, ¶VI(2), at 8 (Plaintiff's Declaration).
[14] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[15] *See*, L.R. 41.3.1 ("The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.")
[16] *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

Weaver also is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[17]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Devin Thomas Weaver's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this 3rd day of May, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[17] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).